IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMELIDA CORDOVA *et al.*, | |
| Plaintiffs, | Case No. 19-cv-6321 |
| v. | Judge Mary M. Rowland |
| CITY OF CHICAGO, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

The City of Chicago moves to withdraw the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d). For the reasons explained below, the City's motion to withdraw the reference [1] is denied.

**I.  Background**

The present motion comes to this Court following the Plaintiffs' filing an adversary complaint in the bankruptcy court alleging that the City violated the Bankruptcy Code's automatic stay by not returning their vehicles when they filed for Chapter 13 bankruptcy. (BK. Case No. 19-BK-6255; Adv. Case No. 19-AP-684). The original complaint was filed shortly before the Seventh Circuit Court of Appeals' June 19, 2019 decision, *In re Fulton*, 926 F.3d 916 (7th Cir. 2019). In *In re Fulton*, the Seventh Circuit considered "whether the City of Chicago may ignore the Bankruptcy Code's automatic stay and continue to hold a debtor's vehicle until the debtor pays her outstanding parking tickets." *Id*. at 920. The Seventh Circuit affirmed the judgments of the bankruptcy courts holding that the City must comply with the

1

automatic stay and return the debtors' vehicles upon their filing of a bankruptcy petition. On December 18, 2019, the U.S. Supreme Court granted the City's petition for writ of certiorari in *City of Chi. v. Fulton*, 140 S. Ct. 680 (2019), and the case currently remains pending in the Supreme Court.

In their adversary complaint, Plaintiffs brought two counts against the City: Count I seeks a declaration that the City violated the automatic stay (11 U.S.C. § 362) by refusing to release Plaintiffs' vehicles after Plaintiffs filed for Chapter 13 bankruptcy and instead demanded payment from Plaintiffs of debt owed to the City. Count II asserts that the City's "egregious, outrageous [and] malicious" conduct warrants an award to Plaintiffs of $5 million in punitive damages. (Dkt. 1-4). In response to Plaintiffs' complaint, the City filed a Rule 12(b)(6) motion to dismiss.[1] The City now asks this Court to withdraw the reference to the bankruptcy court under 28 U.S.C. § 157(d).

**II.   Standard**

Under 28 U.S.C. § 1334, federal courts have original jurisdiction over all bankruptcy proceedings arising out of Title 11 of the Bankruptcy Code, however such cases are automatically referred to the bankruptcy court in this district under 28 U.S.C. § 157(a). *In re K&R Express Sys.*, 382 B.R. 443, 446 (N.D. Ill. 2007); *see also* L.R. 40.3.1. A district court may withdraw the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d) which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely

---

[1] The United States moved to intervene in the adversary proceeding to address the constitutionality of 11 U.S.C. § 362(a)(3) of the Bankruptcy Code. (Dkt. 1-6).

2

> motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The statute thus provides for both mandatory and permissive withdrawal. As to mandatory withdrawal, the Seventh Circuit Court of Appeals has explained,

> We [] hold that as far as non-title 11 issues are presented, mandatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law. The legal questions involved need not be of 'cosmic proportions,' but must involve more than mere application of existing law to new facts.

*In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996) (citations omitted). The district court has discretion in deciding if withdrawal is proper. *Id.* at 953; *see also In re K&R Express*, 382 B.R. at 446 (courts have broad discretion in deciding if there is cause for permissive withdrawal). And the moving party, the City here, has the burden of persuasion. *In re Vicars Ins. Agency*, 96 F.3d at 953-55.

### III. Analysis

The City argues its motion to dismiss raises two significant non-bankruptcy federal law issues that an Article III court must decide: (1) whether § 362(a) of the Bankruptcy Code is unconstitutional because it deprives the City of its property interest without due process under the Fifth Amendment and (2) whether the City has common-law immunity against punitive damages. Although this Court does not comment on the merits of the City's motion to dismiss in the adversary proceeding, a

3

review of that motion demonstrates that the City has not met its burden to show that this Court should withdraw the reference to the bankruptcy court.

### A. The City's Motion to Dismiss in the Adversary Proceeding

In its motion to dismiss, the City argued that Count II of Plaintiffs' complaint should be dismissed "because the Bankruptcy Code clearly forbids the court from imposing punitive damages against a governmental unit, which the City certainly is." (Dkt. 1-5, p.1) (citing 11 U.S.C. § 101(27) and § 106(a)(3)). The City further argued that both counts should be dismissed because the City did not violate the bankruptcy stay based on two exceptions in the Bankruptcy Code's automatic stay provision: the City has a possessory lien that may be perfected by continued possession under 11 U.S.C. § 362(b)(3), and the City's actions fall within the police powers exception in § 362(b)(4). (*Id.* at p. 1-2, 5-14). Finally, the City argued that if neither exception applied, the application of § 362(a) violates the City's Fifth Amendment procedural due process rights. (*Id.* at p. 14-23).

Thus the issues raised in the motion to dismiss are (1) whether the Bankruptcy Code prohibits recovery of punitive damages from the City; (2) whether exceptions in the Bankruptcy Code's automatic stay provision apply; and (3) whether the automatic stay provision violates the due process clause.

### B. Mandatory Withdrawal

In *In re Vicars*, the Seventh Circuit affirmed the district judges' denial of the motion to withdraw the reference, agreeing with other courts' "narrow interpretation" of § 157(d). 96 F.3d at 952. As the Court noted, Congress intended "mandatory recall

4

[to] be construed narrowly." *Id.* (internal citations and quotations omitted). And the Court recognized the concerns of broadly reading the withdrawal provision: "sending every proceeding that required passing 'consideration' of non-bankruptcy law back to the district court would 'eviscerate much of the work of the bankruptcy courts'" and "such a reading would also create an 'escape hatch' by which bankruptcy matters could easily be removed to the district court." *Id.* (citations omitted).

In this case, the City has not met its burden to show that mandatory withdrawal is warranted. All three issues in the City's motion to dismiss involve interpreting the Bankruptcy Code. As to punitive damages, the City insists that the "Bankruptcy Code *clearly* forbids" imposing punitive damages against it because Congress has "expressly forbidden" punitive damages against a government unit in § 106(a)(3) of Title 11. (Dkt. 1-5, p. 1, 3) (emphasis added). In its motion to withdraw, the City contends that analyzing the motion to dismiss Count II "will require an in-depth analysis of [municipalities'] common-law immunity." (Dkt. 1 at 5). But the City's motion to dismiss does not mention common law immunity. Its argument is based entirely on § 106(a)(3) of the Bankruptcy Code. (Dkt. 1-5 at p. 1, 3-4). Thus the City's insistence that only an Article III court can analyze common law immunity is not convincing where the actual argument in its motion to dismiss is based on a Bankruptcy Code section directly addressing punitive damages against governmental units. Further, to the extent the bankruptcy court will need to look to common law, the City has not explained how a bankruptcy court is not equipped to do so. As the Seventh Circuit recognized in *In re Vicars,* "[a]ny reading of § 157(d) which limits

5

bankruptcy court jurisdiction to questions arising solely under the [Bankruptcy] Code would strip the court of much of its authority to resolve debtor-creditor disputes, since numerous Code provisions themselves require reference to other state and federal law." 96 F.3d at 952, n. 4 (quoting *In re White Motor Corp.,* 42 B.R. 693, (N.D. Ohio 1984)).

As to the City's Fifth Amendment challenge, the City's motion to dismiss only requires the court to reach that issue if it decides that both automatic stay exceptions in the Bankruptcy Code do not apply.[2]

Furthermore, while the City argues that its motion to dismiss presents "significant and first impression questions of non-bankruptcy law" (Dkt. 1 at 5), it does not explain how its Fifth Amendment challenge would require analysis of "significant open and unresolved issues regarding the non-title 11 law." *In re Vicars*, 96 F.3d at 954. The City does not cite any authority that a bankruptcy court can only decide issues involving the Bankruptcy Code. *Cf. In re Vicars,* 96 F.3d at 952, n. 4 (rejecting a reading of § 157(d) that would limit bankruptcy courts to matters involving the Bankruptcy Code only). And in its motion to dismiss, the City itself relies on, for example, *In re Marino,* 195 B.R. 886 (Bankr. N.D. Ill. 1996) and *In re Kuzniewski*, 508 B.R. 678 (Bankr. N.D. Ill. 2014), both cases discussing Fifth Amendment due process in the bankruptcy context. As the City's own motion shows, this is not the first-ever case to involve a due process challenge in a bankruptcy

---

[2] The parties dispute whether the City's motion to dismiss is essentially a direct challenge to *In re Fulton*, 926 F.3d 916. This Court need not decide that issue.

proceeding (*see e.g. In re Kuzniewski*, 508 B.R. at 690 (collecting cases discussing due process in context of 11 U.S.C. § 362)).

Indeed bankruptcy courts are quite adept at analyzing due process challenges in bankruptcy cases. *See e.g. In re City of Detroit,* 524 B.R. 147 (Bankr. E.D. Mich. 2014) (analyzing Fifth Amendment takings clause); *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 572 (1935) (discussing Fifth Amendment due process in bankruptcy case); *In re Thompson*, 82 B.R. 985, 988 (Bankr. W.D. Wis. 1988) (explaining that 11 U.S.C. § 522(f)(2)(B) of the Bankruptcy Code does not violate the due process clause of the Fifth Amendment). As one court explained: "Even if…the notice issue rises above statutory interpretation to the level of a constitutional claim, the Bankruptcy Court is equipped to decide it. A bankruptcy court is just as bound by the Constitution as any Article III court, and is well situated to decide…established rules of due process." *LTV Steel Co. v. Union Carbide Corp. (In re Chateaugay Corp.)*, 193 B.R. 669, 674 (S.D.N.Y. 1996).[3]

---

[3] By contrast, the cases the City relies on do not involve constitutional challenges and do not support its position here. *See In re Lissner Corp.*, 115 B.R. 604, 612 (N.D. Ill. 1990) (finding withdrawal warranted where Trustee appeared to concede that his motion required substantial and material consideration of ERISA and Multiemployer Pension Plan Amendment Act of 1980 (MPPAA)); *Ames Dep't Stores, Inc. v. Lumbermens Mut. Cas. Co. (In re Ames Dep't Stores, Inc.)*, 512 B.R. 736, 742 (S.D.N.Y. 2014) (finding that the application of McCarran-Ferguson Act's preemption framework was integral to motion challenging the bankruptcy court's jurisdiction); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 307, 312 (S.D.N.Y. 2011) (withdrawing reference where issues of preemption and standing under federal statutes Securities Litigation Uniform Standards Act and Securities Investor Protection Act would require the bankruptcy court to engage in significant consideration of federal non-bankruptcy law).

7

For these reasons, the City has not met its burden to show that mandatory withdrawal of the reference from the bankruptcy court under 28 U.S.C. § 157(d) is warranted.

### C. Permissive Withdrawal

A court may withdraw a reference for "cause." Although "cause" is not defined in 28 U.S.C. § 157(d), the case law demonstrates that permissive withdrawal is not favored. *See In re K&R Express.,* 382 B.R. at 446 ("permissive withdrawal is the exception, rather than the rule, as bankruptcy jurisdiction is 'designed to provide a single forum for dealing with all claims to the bankrupt's assets.'") (citation omitted); *In re Alpern,* 191 B.R. 107, 110 (N.D. Ill. 1995) ("Demonstration of 'cause' is not an easy burden, and courts have held that Congress intended for bankruptcy judges to determine complex Title 11 issues to the 'greatest extent possible.'").

The City acknowledges that "a lot of factors" are relevant to determining if permissive withdrawal is proper but does not discuss these factors and instead argues that there is cause to withdraw the reference because a substantial constitutional question is involved.[4] (Dkt. 1 at 12). Plaintiffs argue that the City's argument was a perfunctory one (Dkt. 4 at 7), and the City in its reply brief did not discuss permissive withdrawal at all. (Dkt. 13). Because the City failed to address the permissive withdrawal factors, the City has waived any argument on that issue. *See Long v.*

---

[4] The factors considered for permissive withdrawal are: "(i) whether the proceeding is core or non-core, (ii) considerations of judicial economy and convenience, (iii) promoting uniformity and efficiency of bankruptcy administration, (iv) forum shopping and confusion, (v) conservation of debtor and creditor resources, and (vi) whether the parties requested a jury trial." *Kemp v. Nelson*, 2016 U.S. Dist. LEXIS 170732, at *3 (E.D. Wis. Dec. 9, 2016) (citation and quotations omitted)

8

*Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009) ("[U]nsupported and underdeveloped arguments are waived.") (citation and quotations omitted); s*ee also New 75th & Cottage Currency Exch., Inc. v. United States Postal Serv.*, 2018 U.S. Dist. LEXIS 103334, at *8 n.6 (N.D. Ill. June 20, 2018) (same).[5]

Instead of analyzing the pertinent factors, the City cites *In re Texaco, Inc.*, 84 B.R. 911 (Bankr. S.D.N.Y. 1988). (Dkt. 13, 12-13). That case is not binding on this court and did not apply the established permissive withdrawal factors from this Circuit. *See Kemp*, 2016 U.S. Dist. LEXIS 170732, at *3-4. *Texaco* also does not support the City's position. There the court *denied* the motion to withdraw the reference because there was no cause for discretionary withdrawal, and "any consideration of the [Natural Gas Policy Act] … to this proceeding … will not require substantial and material interpretation … but merely an application of the law to the facts." 84 B.R. at 926. The same is true here. Moreover, more recent cases have rejected the idea that bankruptcy courts cannot decide constitutional issues. *See In re Chateaugay Corp.*, 193 B.R. 669; *Greenspan v. Paul, Hastings, Janofsky & Walker LLP*, 2012 U.S. Dist. LEXIS 112926, at *13 (N.D. Cal. Aug. 10, 2012); *In re Motors Liquidation Co.*,

---

[5] The most important of the factors is whether the proceeding is "core" or "non-core" to bankruptcy. *Equip. Acquisition Res., Inc. v. United States IRS*, 2010 U.S. Dist. LEXIS 83291, at *9 (N.D. Ill. Aug. 13, 2010). Given that the adversary complaint alleges that the City violated that automatic stay (and the City's motion to dismiss argues that it did not), that would be considered a core proceeding. *See Klarchek Family Tr. v. Costello (In re Klarchek)*, 508 B.R. 386, 389 (Bankr. N.D. Ill. 2014) ("any motion seeking relief from, or redress regarding, the automatic stay, by definition arises under the Bankruptcy Code and is therefore a core proceeding within this court's statutory and constitutional authority."); *see also Bastian v. Fast EFNDS LLC (In re Bastian)*, 2014 Bankr. LEXIS 642, at *12 (Bankr. E.D. Wis. Feb. 18, 2014) ("An action seeking damages for violation of the automatic stay is a core proceeding under 28 U.S.C. § 157(b).").

538 B.R. 656, 662 (S.D.N.Y. 2015) ("Not every invocation of constitutional law requires withdrawal of the reference.").

One final note about permissive withdrawal. Although the City's motion to withdraw asked this Court to exercise jurisdiction over the adversary proceeding (Dkt. 1), the City's reply brief clarifies that it seeks to have the Court decide only the "non-bankruptcy" issues in its motion to dismiss, and if it decides those issues against the City, then refer the case back to the bankruptcy court. (Dkt. 13 at 1). This position raises serious concerns about protracted and inefficient litigation and further convinces the Court that permissive withdrawal is not appropriate.

Therefore, considering that permissive withdrawal is the exception, not the rule, and considering that the City's argument for permissive withdrawal was underdeveloped, the Court denies the City's request.

## IV. Conclusion

For the stated reasons, the City of Chicago's motion to withdraw the reference to the bankruptcy court [1] is denied. Civil case terminated in this court.

E N T E R:

Dated: June 25, 2020

_Mary M Rowland_
MARY M. ROWLAND
United States District Judge

10